IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD JERMAINE JACKSON,

        Petitioner,

v.

T. LILLARD,
Warden – FCI Greenville,

        Respondent.

Case No. 24-CV-1151-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Petitioner Ronald Jermaine Jackson ("Jackson") brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the forfeiture in the underlying criminal court case. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts.

    Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition and subsequent filings, the Court concludes that this action is subject to dismissal.

BACKGROUND

Jackson was indicted by a Grand Jury on July 16, 2019 in the District of Minnesota with Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, and Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §924(c). (Doc. 1, *United States v. Jackson*, Case No. 19-cr-185 (Minn.)). The indictment also included forfeiture allegations. (*Id.*). On October 2, 2020, following a bench trial, the Court found Jackson on Counts 1 and 2 of the Indictment. On June 24, 2021, judgment was entered and Jackson was sentenced to a total of 141 months custody, 3 years of supervised release, and special assessment of $100. (Doc. 487, *United States v. Jackson*, Case No. 19-cr-185 (Minn.)).

Jackson's § 2241 Petition was filed on April 22, 2024. (Doc. 1). The filing contained the form petition, along with a supporting brief and request for expedited evidentiary hearing. (*Id.*). Jackson's pleading contended that neither a final order of forfeiture nor judgment of forfeiture were entered in the underlying case, resulting in lack of personal jurisdiction to effect the forfeiture of Jackson's property. (Doc. 1, p. 2).

DISCUSSION

The instant Petition suffers a fundamental flaw. The essence of habeas corpus is an attack by a prisoner on the legality of that custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Indeed, section 2241's custodial limitation precludes a petitioner from collaterally attacking a non-custodial aspect of their sentence, such as a forfeiture order,

in a § 2241 petition. *See Samuels v. Ortiz*, 2019 WL 2341553 (D.N.J. June 3, 2019); *Lee v. Arnott,* 2019 WL 13257315 (W.D.Mo. Dec. 16, 2019).

"[A] criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *Young v. U.S.*, 489 F.3d 313, 315 (7th Cir. 2007) (collecting cases). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. S*ee Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Petition is summarily DISMISSED with prejudice. The Clerk is DIRECTED to close this case and enter judgment accordingly.

## Certificate of Appealability

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account

records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:** <u>**May 21, 2024**</u>

                                        <u>s/ *Stephen P. McGlynn*</u>
                                        **STEPHEN P. McGLYNN**
                                        **U.S. District Judge**